UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-81050-CIV-MARRA

ANDREA LIEBERMAN, individually and
on behalf of all others similarly situated,

Plaintiff,

vs.

UNITED HEALTHCARE INSURANCE CO.,

Defendant.
_____/

## OPINION AND ORDER

This cause is before the Court upon Defendant United Healthcare Insurance Co.'s Motion to Dismiss (DE 9); Defendant United Healthcare Insurance Co.'s Motion to Stay (DE 22) and Plaintiff Andrea Lieberman's Request for Hearing (DE 27). The Court has carefully considered the motions and is otherwise fully advised in the premises.

I.  Background

According to the allegations of the Complaint, Plaintiff Andrea Lieberman ("Plaintiff") and her children have healthcare insurance sponsored by Plaintiff's employer and administered by United Healthcare Insurance Company, Inc. ("Defendant"). (Compl. ¶ 19.)  Under this plan, plan members may opt to receive health services from out-of-network providers for an additional premium. (Compl. ¶ 3.)  According to the Certificate of Coverage ("Certificate"), when plan members choose network providers, the entirety of the providers' contracted rates with Defendant constitute "eligible expenses" subject to coverage under the Certificate.  In contrast, when plan members obtain services from non-network providers, "eligible expenses are

determined, at [Defendant's] discretion, based on" one of the following: (1) "fee(s) that are negotiated with the provider;" (2) "[a] percentage of the published rates allowed by Medicare for the same or similar service;" (3) "50% of the billed charge" and (4) "[a] fee schedule we develop." (Certificate at 85, Ex. A, attached to Compl.)  The Complaint alleges that this discretionary pricing method for calculating reimbursement is deceptive, misleading and illusory. (Compl. ¶ 9.)

While on vacation, Plaintiff's daughter became ill and required surgery from a non-network doctor at an in-network hospital. (Compl. ¶¶ 37, 40.)  On July 30, 2007, Defendant was notified that Plaintiff's daughter would be receiving outpatient treatment at a participating hospital by a non-participating surgeon. (Compl. ¶ 38.)  By a letter dated July 31, 2007 to Plaintiff, and copied to the surgeon, Defendant confirmed notice as to the treatment and further confirmed that "you have met the notification requirement and no further action is needed at this time." (Compl. ¶ 39; July 31, 2007 letter, Ex. B, attached to Compl.)  The surgeon charged $10,000.00 for the surgery and the Explanation of Benefits provided by Defendant to Plaintiff stated that it would pay $236.84 for the surgeon's services. (Compl. ¶¶ 41-43.)

On October 10, 2007, Plaintiff appealed Defendant's decision and requested "additional payment consideration" stating that Plaintiff's daughter was "treated at a participating" facility and that the "emergent situation required service in New York and did not allow travel." (Compl. ¶ 47; Appeal letter, Ex. D, attached to Compl.)  The following month, Defendant denied the appeal, explaining that "this service is not eligible for payment as you requested . . . [y]ou are responsible for all costs related to this service(s)."  "[P]rofessional fees for surgical and medical services when provided by a non-network provider is payable at 80% of eligible expenses after a

$500 deductible per covered person." Lastly, Defendant stated our "records indicate our Care Coordination department did receive notification for this service(s) [but] they did not approve at the in-network benefit level." (Compl. ¶ 49; Adverse Benefit Decision, Ex. E, attached to Compl.)  Plaintiff filed a second-level appeal on January 6, 2008, asking Defendant to reconsider reimbursing her claim on the basis that "[i]t was determined that emergency surgery was needed." (Compl. ¶ 50; Second Level Appeal, Ex. F, attached to Compl.)  Defendant responded on January 14, 2008, again denying Plaintiff's appeal. (Compl. ¶ 51.)  Defendant stated that "this service(s) is not eligible for payment as you requested" and the member is "responsible for all costs."  Defendant also stated "this surgical service(s) was a scheduled procedure, it is not covered according to [the member's] emergency health service benefits." (Compl. ¶ 52; Second Adverse Benefit Decision, Ex. G, attached to Compl.)

Count one of the Complaint alleges Breach of Plan Provisions for Benefits in Violation of section 502(A)(1)(B) of the Employee Retirement Income Security Act or ERISA; count two of the Complaint seeks Declaratory Relief for ERISA violations; count three alleges a violation of Fiduciary Duties of Loyalty and Due Care in Violation of section 404 of ERISA and count four seeks Declaratory Relief interpreting Defendant's Reimbursement Obligations.

In moving to dismiss the Complaint, Defendant contends that Plaintiff has failed to exhaust her administrative remedies because she never challenged Defendant's calculation of her non-network benefit administratively.  With respect to count one, Defendant claims there is no viable claim that Defendant breached the terms of the plan.  Furthermore, as to count two, Defendant argues that Plaintiff's own allegations demonstrate it fully complied with ERISA's procedural requirements.  With respect to count three, Defendant claims that the ERISA

3

provision relied upon by Plaintiff does not provide a cause of action to redress a denial of benefits under an ERISA plan. Finally, Defendant contends that Plaintiff's declaratory relief claim has no basis in law.

In response, Plaintiff states that ERISA does not require issue exhaustion, only claim exhaustion. Plaintiff contends that the plan documents do not state that Defendant's methodology will involve choosing the lowest rate of reimbursement out of the four available rates of reimbursements. Plaintiff also contends that Defendant failed to disclose the manner in which its discretion would be exercised.

## II. Legal Standard

Rule 8(a) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claims" that "will give the defendant fair notice of what the plaintiff's claim is and the ground upon which it rests." Fed. R. Civ. P. 8(a). The Supreme Court has held that "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quotations and citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Thus, "only a complaint that states a

plausible claim for relief survives a motion to dismiss." Id. at 1950.  When considering a motion to dismiss, the Court must accept all of the plaintiff's allegations as true in determining whether a plaintiff has stated a claim for which relief could be granted. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

### III.  Discussion

#### A.  Administrative Exhaustion

Defendant moves to dismiss the Complaint for failure to exhaust administrative remedies. Defendant contends that Plaintiff never presented the claims raised in her Complaint through the administrative review process as required under the Plan documents.  Specifically, Defendant claims that Plaintiff never asserted the non-network benefit claims she now attempts to litigate and that she only exhausted her claim for a network benefit.

The parties do not dispute that plaintiffs in ERISA actions must exhaust available administrative remedies before suing in federal courts.  See Lanfear v. Home Depot, Inc., 536 F.3d 1217, 1224 (11th Cir. 2008).  Nor do the parties disagree that exhaustion of administrative remedies requires claim exhaustion.  Indeed, "[s]ection 502(a) of ERISA does not require either issue or theory exhaustion; it only requires claims exhaustion." Wolf v. National Shopmen Pension Fund, 728 F.2d 182, 186 (3d Cir. 1984); Vaught v. Scottsdale Healthcare Corp. Health Plan, 546 F.3d 620, 632 (9th Cir. 2008).  Hence, a plaintiff's "subsequent decision to raise a new issue before a district court d[oes] not retroactively erase his prior effective exhaustion of administrative remedies." Vaught, 546 F.3d at 633.

In the present case, the essential dispute between the parties is whether Plaintiff failed to exhaust her claim because she never disputed the method of calculation of the non-network

5

benefit claim or whether Plaintiff has exhausted her remedies by consistently demanding payment for the medical services provided by a non-network provider.

The Court finds that Plaintiff administratively exhausted her remedies. While the administrative claim at issue is payment of the surgeon's bill, the administrative issue or theory is the ground for reimbursement of the bill; i.e., the calculation of the non-network benefit claim. Plaintiff has accomplished administrative exhaustion of her claim. Defendant's argument would require the Court to adopt issue exhaustion, not claim exhaustion. By seeking payment of the surgeon's bill administratively, Plaintiff has administratively exhausted her remedies.

B.  Count one

Defendant seeks to dismiss count one which alleges a breach of plan provisions for benefits in violation of section 502(a)(1)(B) of ERISA.  Count one alleges that Defendant underpays for services rendered by non-participating providers and uses discretionary pricing methods to calculate the reimbursement to members. (Compl. ¶¶ 100-01.)   After careful review of the Certificate, the Court concludes that the Certificate grants Defendant the discretion to calculate the eligible benefits.  As such, this claim for relief cannot stand.

The language of the Certificate provides that, with respect to, non-network providers, "eligible expenses are determined, at [Defendant's] *discretion*, based on" one of the following: (1) "fee(s) that are negotiated with the provider;" (2) "[a] percentage of the published rates allowed by Medicare for the same or similar service;" (3) "50% of the billed charge" and (4) "[a] fee schedule we develop." (Certificate at 85, Ex. A, attached to Compl.) (emphasis added). Despite that clear language, Plaintiff alleges that Defendant's breaches includes the "use of discretionary pricing methods to calculate non-par[ticipating] reimbursement to members."

(Compl. ¶ 101.)  However, ERISA does not allow the Court to rewrite provisions of the Certificate.  On the other hand, "employers have large leeway to design disability and other welfare plans as they see fit." Black & Decker Disability Plan v. Nord, 538 U.S. 822, 833 (2003).  Furthermore, an employee may only seek "benefits due to him under the terms of his plan." 29 U.S.C. § 1132(a)(2)(B).  Plaintiff's contention that Defendant must utilize its discretion to apply the listed methodology to yield the highest reimbursement would serve to remove the very discretion afforded by the governing Certificate.  For this reason, the Court grants Defendant's motion to dismiss count one of the Complaint.

  C.  Count two

Count two seeks declaratory relief for ERISA violations.  Specifically, it alleges that Defendant failed to provide a "full and fair review" of denied claims and that it failed to disclose the methodology used to determine the non-participating provider reimbursement.  (Compl. ¶¶ 109-10.)

As discussed supra, the language in the Certificate clearly states that Defendant would exercise its discretion in determining the non-participating provider reimbursement.  Given that this language controls, Plaintiff's claim that she is entitled to a declaration that ERISA has been violated fails.  With respect to the contention that Defendant failed to provide a "full and fair review," Plaintiff's allegations are conclusory and lack factual support. See Ashcroft v. Iqbal, 129 S. Ct. at 1949.  These allegations also fail to state a plausible claim for relief. Id. at 1950.  Based on the policy language, Defendant possesses wide discretion under the Certificate to calculate the eligible benefits.  Plaintiff has provided no factual or plausible basis to find that Defendant's method of calculation denied Plaintiff any type of "full and fair review."  In other

words, given the discretion afforded Defendant under the Certificate, the Court finds the Complaint has failed to plead any plausible basis for finding that Plaintiff was denied a "full and fair review."

### D.  Count three

Count three alleges a violation of fiduciary duties of loyalty and due care in violation of section 404 of ERISA and declaratory relief pursuant to section 502(a)(3).  Defendant moves to dismiss the claim brought pursuant to section 502(a)(3) and claims that this provision does not provide a cause of action to redress a denial of benefits under an ERISA plan.

Defendant is correct that section 502(a)(3) is a "catchall" provision, which provides for "appropriate equitable relief for injuries caused by violations that [section] 502 does not elsewhere adequately remedy." Variety Corp. v. Howe, 516 U.S. 489, 512 (1996).  A section 502(a)(3) claim for an injury must be dismissed when the alleged injury is best addressed by a section 502(a)(1)(B) claim for recovery of benefits under Plan. See Ogden v. Blue Bell Creameries U.S.A., Inc., 348 F.3d 1284, 1287 (11th Cir. 2003); Katz v. Comprehensive Plan of Group Insurance, 197 F.3d 1084, 1089 (11th Cir.1999). Here, Plaintiff brought a claim for injuries pursuant to section 502(a)(1)(B) in count one of the Complaint.  Specifically, she has alleged an injury related to a denial of benefits under the Certificate and the declaratory relief she seeks in count three is best addressed by a section 502(a)(1)(B) claim for recovery of benefits.

With respect to the claim for breach of the duty of loyalty, the Complaint alleges that the Plan does not authorize Defendant to reimburse for non-participating providers "at the lowest of the four possible factors." (Compl. ¶ 120.)  The Court notes that the cases cited by Plaintiff in support of that cause of action differ significantly from the theory advanced by Plaintiff.  In those

cases, a claim for breach of loyalty is stated when the fiduciaries act in furtherance of their personal financial interests rather than in the interests of the plan participants. See Cannon v. MBNA, No.05-429 GMS, 2007 WL 2009672, at * 4 (D. Del. July 6, 2007); Sears, Roebuck & Co. ERISA Litig., No. 02C832, 2004 WL 407007, at *5 (N.D . Ill. Mar. 3, 2004). Other examples include allegations that officers and directors had "an incentive to boost the value of Company stock due to an incentive package that ties salary benefits to Company performance" Hill v. Bellsouth Corp., 313 F. Supp. 2d 1361, 1370 (N.D. Ga. 2004) or that information was not provided to plan participants that would have a negative impact on the price of stock, In re Coca-Cola Enterprises, Inc., ERISA Litigation, No. 1:06-CV-0953 (TWT), 2007 WL 1810211, at * 15 (N.D. Ga. June 20, 2007).  Plaintiff has not alleged that Defendant is pursuing *personal* financial interests.  To the extent that Plaintiff may be alleging that Defendant pays the claims and makes the benefit determinations, that fact merely means that Defendant is a "conflicted" administrator. Under such circumstances, the conflict would merely be a factor the Court would consider in determining whether a conflict of interest has tainted the administrator's decision to deny the benefit claim. Metropolitan Life Ins. Co. v. Glenn, 128 S. Ct. 2343, 2350-51 (2008).  Thus, even under the cases provided by Plaintiff, this claim does not state a claim for breach of loyalty.

Instead, it appears that Plaintiff's claim for breach of loyalty is nothing more than a recycling of her claim that Defendant chose the lowest possible reimbursement in calculating her non-network benefit. (Compl. ¶ 120). As such, the Court will dismiss this claim for the same reasons it has dismissed counts one and two; namely, nothing in these allegations show that Defendant acted in contravention of the language of the Policy.

E. Count four

Count four of the Complaint states that the language of the Plan is deceptive and misleading, that there is actual confusion over Defendant's reimbursement methodology to determine non-participating provider reimbursement and the Court should declare that Defendant should pay the greater of the four factors set forth in the Certificate. Once again, Plaintiff is asking the Court to rewrite the Certificate and prevent Defendant from exercising the discretion granted to it under the Plan. For the reasons discussed supra, the Court cannot grant this relief.

IV. Conclusion

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1)  Defendant's Motion to Dismiss (DE 9) is **GRANTED.**

2)  Defendant's Motion to Stay (DE 22) is **DENIED AS MOOT**.

3)  Plaintiff's Request for Hearing (DE 27) is **DENIED**.

4)  The Clerk shall close this case and all pending motions are denied as moot.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 10th day of March, 2010.

_____
KENNETH A. MARRA
United States District Judge